STATE OF NORTH CAROLINA v. WAYNE ALAN LAWS

No. 653A85

(Filed 3 April 1991)

**Criminal Law § 1352 (NCI4th) — murder — McKoy error — harmless**

A *McKoy* error in the sentencing proceeding for a murder prosecution was harmless beyond a reasonable doubt where the jury was polled and there was unequivocal extrinsic evidence, both from the jury foreman's colloquy with the court and the individual jurors' answers, that the instruction did not prevent any juror's consideration of defendant's mitigating evidence.

**Am Jur 2d, Criminal Law §§ 598, 599; Homicide §§ 513, 555.**

ON remand by the United States Supreme Court, 494 U.S. ---, 108 L. Ed. 2d 603 (1990), for further consideration in light of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). Heard on remand in the Supreme Court 14 March 1991.

*Lacy H. Thornburg, Attorney General, by Joan H. Byers, Special Deputy Attorney General, for the State.*

*Louis D. Bilionis for defendant appellant.*

WHICHARD, Justice.

Defendant was convicted of the first-degree murders of Ronnie Waddell and James Kepley and was sentenced to death. This Court

found no error in the guilt or sentencing phases. *State v. Laws*, 325 N.C. 81, 381 S.E.2d 609 (1989).

Subsequently, the United States Supreme Court vacated the judgment and remanded the case to this Court for further consideration in light of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). *Laws v. North Carolina*, 494 U.S. ---, 108 L. Ed. 2d 603 (1990). On 13 November 1990 this Court ordered the parties to file supplemental briefs addressing the *McKoy* issue.

This Court's review of the record reveals, and the State concedes, that the jury here received the unanimity instruction found unconstitutional in *McKoy*. Specifically, the trial court instructed the jury to answer each mitigating circumstance "no" if it did not find the circumstance unanimously by a preponderance of the evidence. Thus, the sole issue is whether this is the "rare case in which a *McKoy* error could be deemed harmless." *State v. McKoy*, 327 N.C. 31, 44, 394 S.E.2d 426, 433 (1990). "The error . . . is one of federal constitutional dimension, and the State has the burden to demonstrate its harmlessness beyond a reasonable doubt." *Id.*; N.C.G.S. § 15A-1443(b) (1988). For the reasons stated below, we conclude that the State has carried this burden.

The State's evidence tended to show that defendant bludgeoned Ronnie Waddell and James Kepley to death with a claw hammer and left their bodies on a rural dirt road in Davidson County. Each victim suffered severe lacerations about the head and multiple skull fractures, including large shattered areas of the skull and round "punched out" holes in the skull about an inch in diameter. Pools of blood and pieces of flesh, hair, skull and brain matter surrounded the bodies.

Texford Watts testified that he and defendant had been drinking and had given the victims a ride. Defendant and both victims got out of the car to relieve themselves. Watts heard "licks being passed." He got out of the car and saw Kepley lying on the ground unconscious. Defendant was beating Waddell with his fists. When Watts told him to stop, defendant pushed Watts out of the way, opened the trunk with the keys he took out of the ignition, and removed a claw hammer. Using the hammer, defendant continued the beatings as the two men lay helpless on the ground.

Additional evidence supporting defendant's conviction and death sentence is summarized in our prior opinion—*State v. Laws*, 325 N.C. 81, 381 S.E.2d 609—and will not be repeated here.

The jury found two aggravating circumstances as to each murder: that the murder was especially heinous, atrocious, or cruel, and that the murder was part of a course of conduct which included commission of other crimes of violence against other persons. *Laws*, 325 N.C. at 95, 381 S.E.2d at 617. Submission of the especially heinous, atrocious, or cruel aggravating circumstance was "justified by the prolonged brutal attacks which were required to inflict Waddell's and Kepley's gruesome injuries and to produce the other gruesome evidence in this case." *Id.* at 115, 381 S.E.2d at 629. Defendant did not dispute submission of the course of conduct circumstance.

The trial court submitted five possible mitigating circumstances:

1) Wayne Alan Laws has not been previously convicted of a felony involving the use of or threatened use of violence to the person. . . .

2) . . . Wayne Alan Laws [has] been a good, dependable and responsible employee . . . .

3) . . . The capacity of Wayne Alan Laws to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was impaired [by alcohol]. . . .

4) . . . Wayne Alan Laws has helped to support his family. . . .

5) . . . Any other circumstances arising from the evidence . . . .

The jury unanimously found circumstances (1) through (4) but rejected circumstance (5), the "catchall" circumstance. Defendant requested that several other statutory mitigating circumstances and one nonstatutory mitigating circumstance be submitted. We have determined that the trial court did not err in refusing to submit these circumstances, as there was no substantial evidence to support them. *Id.* at 110-13, 381 S.E.2d at 626-28.

Defendant asserts that the State has not met its burden of showing that the *McKoy* instruction was harmless beyond a reasonable doubt. He contends that had the jury not been given the constitutionally defective instruction, it might have found the catchall mitigating circumstance and reached a different sentencing

result. He suggests that the following evidence could support a finding of the catchall circumstance: (1) defendant cooperated with authorities by consenting to a search, signing a written waiver of his right to resist nontestimonial identification procedures, and waiving his Miranda rights; (2) there was some evidence that defendant and Texford Watts acted in concert; (3) defendant's premeditation and deliberation was brief; (4) the victims died quickly; (5) defendant did not attempt in his statements to deny blame for the killings; (6) defendant grew up in a poor, single-parent home; (7) defendant had a history of using drugs and drinking excessively; and (8) at work defendant was trustworthy, polite, and did not fight. Defendant also suggests that the jury might have found mitigation in his demeanor at trial.

> In *McKoy v. North Carolina*, the United States Supreme Court held unconstitutional under the eighth and fourteenth amendments of the federal constitution jury instructions directing that, in making the final determination of whether death or life imprisonment is imposed, no juror may consider any circumstance in mitigation of the offense unless the jury unanimously concludes that the circumstance has been proved.

*State v. Quesinberry*, 328 N.C. 288, 289, 401 S.E.2d 632, 633 (1991) (citing *McKoy*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990)). The concern expressed in the line of cases beginning with *Lockett v. Ohio*, 438 U.S. 586, 57 L. Ed. 2d 973 (1978), and continuing with *Mills v. Maryland*, 486 U.S. 367, 100 L. Ed. 2d 384 (1988), and *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990), is that the sentencer be allowed to consider mitigating circumstances in the sentencing phase of a capital case so as to ensure the grounds on which the penalty was determined. *See, e.g., Lockett*, 438 U.S. at 604-05, 57 L. Ed. 2d at 989-90; *Mills*, 486 U.S. at 376-78, 381, 100 L. Ed. 2d at 394-96, 398; *McKoy*, 494 U.S. at ---, 108 L. Ed. 2d at 380-81. The Court noted in *Mills*:

> There is, of course, no extrinsic evidence of what the jury in this case *actually thought*. We have before us only the verdict form and the judge's instructions. Our reading of those parts of the record leads us to conclude that there is at least a substantial risk that the jury was misinformed.

*Mills v. Maryland*, 486 U.S. at 381, 100 L. Ed. 2d at 398 (emphasis added).

Here, by contrast, unequivocal extrinsic evidence is present to establish "what the jury in this case actually thought." Unlike in *Mills*, the record presents the reviewing court with more than the verdict form and the judge's instructions. It details the following exchanges between the trial court, the jury foreman, and individual jurors concerning Issue II (mitigating circumstances) on the verdict form:

> THE CLERK: Issue two, Do you unanimously find from the evidence the existence of one or more of the following mitigating circumstances? Your answer is yes. Is this the unanimous verdict of the jury?
>
> FOREMAN ROBERTSON: Yes, ma'am.
>
> THE CLERK: Number one, Wayne Alan Laws has not been previously convicted of a felony involving the use of or threatened use of violence to the person. Your answer is yes. Is this the unanimous verdict of the jury?
>
> FOREMAN ROBERTSON: Yes, ma'am.

This pattern continued as to every mitigating circumstance found.

Regarding the "catchall," the only circumstance not found, the following exchange occurred:

> THE CLERK: Number five, Any other circumstance or circumstances arising from the evidence which you, the jury, deem to have mitigating value. Your answer is no. Is this the *unanimous verdict* of the jury? (Emphasis added.)
>
> FOREMAN ROBERTSON: Yes, ma'am.

The inquiry continued through the remaining issues on the jury form. The following then occurred:

> THE CLERK: Would the remaining jurors please stand. We, the jury, unanimously recommend that the defendant Wayne Alan Laws be sentenced to death. Is this your recommendation as to punishment, so say you all?
>
> (Jurors respond affirmatively.)

The following then occurred:

> THE COURT: Madam Clerk, you'll need to poll *each juror individually* as to their answers to the issues. . . .

STATE v. LAWS

[328 N.C. 550 (1991)]

. . . .

THE CLERK: . . . .

Soundra Goings. In . . . issue number two, yes; mitigating factor number one is yes; number two, yes; number three, yes; number four, yes; number five, no . . . . Your recommendation as to punishment is that the defendant Wayne Alan Laws be sentenced to death. *Are these your answers and your recommendation as to punishment?* (Emphasis added.)

JUROR GOINGS: Yes, ma'am.

THE CLERK: And do you still assent thereto?

JUROR GOINGS: Yes, ma'am.

The clerk polled each individual juror similarly, and each gave the same explicit affirmative responses.

The record thus establishes that the foreman expressly informed the court the jury was unanimous in rejecting the catchall mitigating circumstance. In addition, each member of the jury, when polled individually, expressly affirmed that his or her individual answer to that circumstance was "no." Each juror had an opportunity to express his or her difference with the finding of the jury, yet none did so. Rather, each expressly verified his or her individual concurrence. Extrinsic evidence in the record thus clearly establishes that each juror's decision was consistent with that of the whole.

Although an erroneous *McKoy* instruction may preclude a juror or jurors from considering a defendant's mitigating evidence, here the jurors' responses to the polling establish that in fact no such preclusion occurred. Because the record clearly establishes that no juror individually found defendant's evidence sufficiently substantial to support a finding of the catchall mitigating circumstance, we can conclude with confidence that the unconstitutional unanimity requirement did not preclude any juror from considering mitigating evidence. The "substantial risk that the jury was misinformed" which underlies *Mills* is not present here. *Mills v. Maryland*, 486 U.S. at 381, 100 L. Ed. 2d at 398.

We are aware that

[t]he decision to exercise the power of the State to execute a defendant is unlike any other decision citizens and public

officials are called upon to make. Evolving standards of societal decency have imposed a correspondingly high requirement of reliability on the determination that death is the appropriate penalty in a particular case.

*Mills v. Maryland*, 486 U.S. at 384, 100 L. Ed. 2d at 399. We are satisfied, however, that this "high requirement of reliability" has been met in this case. We previously reviewed defendant's other assignments of error and concluded that the trial was without error. *State v. Laws*, 325 N.C. 81, 381 S.E.2d 609. Even giving the most favorable reading to the relatively inconsequential evidence that defendant argues supports a finding of the catchall mitigating circumstance, the *McKoy* error here is harmless beyond a reasonable doubt because there is unequivocal extrinsic evidence, both from the jury foreman's colloquy with the court and the individual jurors' answers, that the instruction did not prevent any juror's consideration of defendant's mitigating evidence; rather, the jury was unanimous in rejecting the one mitigating circumstance that it failed to find.

Accordingly, the sentence of death is affirmed and the mandate of our prior opinion is reinstated. The case is remanded to the Superior Court, Davidson County, for further proceedings.

Death sentence affirmed, mandate reinstated, case remanded.