STATE OF NORTH CAROLINA v. OSCAR LLOYD

No. 577A85

(Filed 14 August 1991)

**Criminal Law § 1352 (NCI4th)— murder—sentencing—McKoy error—not harmless**

A death sentence in a murder prosecution was vacated where the court erroneously required the jury to find the existence of any mitigating circumstance unanimously and there was evidence supporting a mitigating circumstance submitted but not found. Although the jury was polled, the trial court asked questions only of the foreman and the jury as a whole, questions were addressed to individual jurors only as to the final sentencing decision, and the questions did not inquire and the answers did not reveal whether the jury's rejection of the mitigating circumstances was unanimous. Even though the State contended that the error was harmless because the jury would have voted to sentence defendant to death anyway due to the atrocity of the crime and the aggravating circumstances, it is not the Supreme Court's function to surmise how jurors might have weighed the aggravating and mitigating evidence.

**Am Jur 2d, Criminal Law § 628.**

**Unanimity as to punishment in criminal case where jury can recommend lesser penalty. 1 ALR3d 1461.**

On remand from the Supreme Court of the United States. Heard in the Supreme Court 15 March 1991.

*Lacy H. Thornburg, Attorney General, by William N. Farrell, Jr., Special Deputy Attorney General, for the State.*

*Ann B. Petersen for defendant-appellant.*

EXUM, Chief Justice.

Defendant, after being convicted of the first-degree murder of Burton Cornwell, was sentenced to death.* On defendant's appeal

---

* Defendant was also convicted of the armed robbery of Cornwell and sentenced to fourteen years' imprisonment for this crime.

STATE v. LLOYD

[329 N.C. 662 (1991)]

this Court found no error in either the guilt determination pro-
ceeding or the capital sentencing proceeding. *State v. Lloyd*, 321
N.C. 301, 364 S.E.2d 316 (1988) (*Lloyd I*).

On 3 October 1988 the Supreme Court of the United States
vacated our judgment and remanded the case to us for further
consideration in light of *Mills v. Maryland*, 486 U.S. 367, 100
L. Ed. 2d 384 (1988). *Lloyd v. North Carolina*, 488 U.S. 807, 102
L. Ed. 2d 18 (1988). Subsequently, this Court, relying on *State
v. McKoy*, 323 N.C. 1, 372 S.E.2d 12 (1988), *vacated and remanded
sub nom.*, *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d
369 (1990), reinstated its earlier mandate. *State v. Lloyd*, 323 N.C.
622, 374 S.E.2d 277 (1988).

On 19 March 1990 the Supreme Court of the United States
granted defendant's second petition for writ of certiorari, vacated
our second judgment, and again remanded the case to us for further
consideration in light of its decision in *McKoy v. North Carolina*,
494 U.S. 433, 108 L. Ed. 2d 369 (1990) (*McKoy*). *Lloyd v. North
Carolina*, 494 U.S. ---, 108 L. Ed. 2d 601 (1990).

We again heard the case on supplemental briefs ordered by
the Court and directed to the questions of whether under *McKoy*
there was error in the sentencing proceeding and, if so, whether
the error was harmless. We now conclude there was reversible
*McKoy* error, entitling defendant to a new capital sentencing
proceeding.

The evidence is adequately summarized in *Lloyd I* and will
not be repeated here, except as necessary for our consideration
of the *McKoy* issue.

In *McKoy* the United States Supreme Court held unconstitu-
tional capital sentencing jury instructions which required the jury
to find the existence of a mitigating circumstance unanimously
in order for any individual juror to consider that circumstance
or evidence supporting it when determining the defendant's sentence.
Reasoning from earlier decisions in *Lockett v. Ohio*, 438 U.S. 586,
57 L. Ed. 2d 973 (1978), and *Mills v. Maryland*, 486 U.S. 367, 100
L. Ed. 2d 384 (1988), the *McKoy* Court concluded that under the
Eighth and Fourteenth Amendments, no individual juror can be
precluded by such a unanimity requirement from taking into ac-
count in the jury's final sentencing decision any circumstance that

the individual juror might conclude mitigates a defendant's capital crime.

As in *McKoy*, the instructions here, the State concedes, require the jury to find unanimously the existence of a mitigating circumstance before individual jurors could consider that circumstance or evidence supporting it in the final sentencing decision. The only issue needing discussion is whether this instructional error is harmless. Because of the constitutional dimensions of the error, the State has the burden of demonstrating that it is harmless beyond a reasonable doubt. N.C.G.S. § 15A-1443(b) (1988); *State v. McKoy*, 327 N.C. 31, 44, 394 S.E.2d 426, 433 (1990). We conclude the State has failed to carry this burden.

The jury found unanimously as aggravating circumstances that the murder was committed while defendant was engaged in or was attempting to engage in a robbery with a dangerous weapon and that the murder was especially heinous, atrocious, or cruel. N.C.G.S. § 15A-2000(e)(5) and (9) (1988). Eight mitigating circumstances were submitted to the jury. The jury found four to exist:

1. Since the arrest of the defendant for the offenses before you, the defendant has shown no tendencies of violence toward others.

2. Since the arrest of the defendant he has abided by the rules and regulations of the Cherokee County Jail.

3. That the defendant has adapted well to life as a prisoner.

4. That the defendant has suffered from episodic alcohol abuse since 1973.

The jury did not find the following four proposed mitigating circumstances, the first of which is listed in the capital sentencing statute, N.C.G.S. § 15A-2000(f)(1):

1. The defendant has no significant history of prior criminal offenses;

2. That the defendant had been a loving and affectionate son to his mother;

3. That the defendant had been a loving and affectionate father to his son; [and]

4. Any other circumstances arising from the evidence which the jury deems to have mitigating value.

**STATE v. LLOYD**

[329 N.C. 662 (1991)]

After balancing the two aggravating circumstances found against the mitigating circumstances found, the jury concluded that defendant should be sentenced to death.

Upon return of its sentencing verdict in open court, the jury was polled about each answer it entered on the verdict form, including the mitigating circumstances not found. The polling procedure as to each mitigating circumstance was:

THE COURT: Mr. Foreman, sir, how says the jury as to Issue Number One . . . "The defendant has no significant history of prior criminal offenses."

How says the jury, sir?

THE FOREMAN: No, your Honor.

THE COURT: Members of the jury, your foreman has returned in open court a verdict of "No" as to question number one . . . was "No" your verdict and so say all of you?

(All indicated affirmatively.)

The jury answered similarly the trial court's questions about all four proposed mitigating circumstances not found.

The State contends the jury foreman's responses and the jury panel's affirmations during the polling process demonstrate that the jury unanimously rejected these four mitigating circumstances. Therefore, the State maintains, no juror was prevented during the final sentencing decision from considering evidence which he or she believed to have mitigating value, making the *McKoy* error harmless.

Where a post-verdict poll in a capital sentencing proceeding demonstrates that the jury unanimously rejected unfound mitigating circumstances, a *McKoy* error as to those circumstances is harmless. *State v. Laws,* 328 N.C. 550, 402 S.E.2d 573 (1991). In *Laws* the jury unanimously found the first four mitigating circumstances submitted to exist, but rejected the fifth and last, "catchall" circumstance. Upon return of the sentencing verdict in open court, the jurors were polled. As to the "catchall" circumstance, the court noted the following exchange:

THE CLERK: Number five, Any other circumstance or circumstances arising from the evidence which you, the jury, deem to have mitigating value. Your answer is no. Is this

the *unanimous verdict* of the jury? [Emphasis added in *Laws* opinion.]

FOREMAN ROBERTSON: Yes ma'am.

Each individual juror was then polled as follows:

THE COURT: Madam Clerk, you'll need to poll *each juror individually* as to their answers to the issues. . . .

. . . .

THE CLERK: . . . .

Soundra Goings. In . . . issue number two, yes; mitigating factor number one is yes; number two, yes; number three, yes; number four, yes; number five, no . . . . Your recommendation as to punishment is that the defendant . . . be sentenced to death. *Are these your answers and your recommendation as to punishment?* [Emphasis added in *Laws* opinion.]

JUROR GOINGS: Yes, ma'am.

THE CLERK: And do you still assent thereto?

JUROR GOINGS: Yes, ma'am.

*Id.* at 554-55, 402 S.E.2d at 576. Each juror gave the same affirmative responses as juror Goings. Based on these facts, this Court reasoned:

*The record thus establishes that the foreman expressly informed the court the jury was unanimous in rejecting the catchall mitigating circumstance.* In addition, each member of the jury, when polled individually, expressly affirmed that his or her individual answer to that circumstance was "no." Each juror had an opportunity to express his or her difference with the finding of the jury, yet none did so. Rather, each expressly verified his or her individual concurrence. Extrinsic evidence in the record thus clearly establishes that each juror's decision was consistent with that of the whole.

Although an erroneous *McKoy* instruction may preclude a juror or jurors from considering a defendant's mitigating evidence, here the jurors' responses to the polling establish that in fact no such preclusion occurred. Because the record clearly establishes that no juror individually found defendant's evidence sufficiently substantial to support a finding of [a pro-

posed mitigating circumstance], we can conclude with confidence that the unconstitutional unanimity requirement did not preclude any juror from considering mitigating evidence.

*Id.* at 555, 402 S.E.2d at 576-77 (emphasis added).

The polling in the case at bar differs from that in *Laws*. Here, as to the mitigating circumstances, the trial court polled the jury by asking questions only of its foreman and the jury panel as a whole. Only as to the final sentencing decision were questions addressed to individual jurors. More importantly, the polling questions did not inquire and neither the foreman's nor the panel's answers reveal whether the jury's rejection of the mitigating circumstances was unanimous. Under the trial court's jury instructions, which were erroneous under *McKoy*, the jury could have rejected a mitigating circumstance if it either (1) could not unanimously vote "yes," or (2) unanimously voted "no." The poll was not specific enough to distinguish between unanimous and nonunanimous "no" verdicts on the unfound mitigating circumstances. When the trial court asked, "Was 'No' your verdict and so say you all?" on the mitigating circumstances, the panel's affirmative response acknowledged only that the negative verdict was a correct account of the jury's action on the issue, an action which itself was based on the erroneous unanimity instruction.

Because the jury's rejection of the mitigating circumstances was not shown to be unanimous by the post-verdict poll, the poll itself does not render the *McKoy* error harmless.

The State next argues that the *McKoy* error is harmless because even if one or more jurors had been permitted to find and consider the unfound mitigating circumstances, they would still have voted to sentence defendant to death, given the atrocity of the crime and the aggravating circumstances found. Any reasonable juror, the State contends, who balanced the aggravating circumstances found against all the mitigating evidence adduced would have concluded that death was the appropriate punishment. The *McKoy* instructional error, therefore, had no impact on the final sentencing decision and should be considered harmless beyond a reasonable doubt.

This Court, in the *McKoy* error cases, has not inquired as to how individual jurors might have balanced the aggravating and mitigating evidence to resolve the harmlessness issue. On this issue,

STATE v. LLOYD

[329 N.C. 662 (1991)]

our only inquiry has been whether the evidence is such that one or more jurors could reasonably have found a statutory mitigating circumstance to exist. Where we have concluded there is such evidence, unless there is in the record something, such as a *Laws* poll, by which we can determine that the mitigating circumstance was unanimously rejected, we have consistently held *McKoy* error to be not harmless and the defendant entitled to a new capital sentencing proceeding. *See, e.g., State v. Jones,* 327 N.C. 439, 396 S.E.2d 309 (1990); *State v. Sanderson,* 327 N.C. 397, 394 S.E.2d 803 (1990); *State v. McNeil,* 327 N.C. 388, 395 S.E.2d 106 (1990), *cert. denied,* --- U.S. ---, 113 L. Ed. 2d 459 (1991); *State v. Sanders,* 327 N.C. 319, 395 S.E.2d 412 (1990); *State v. McKoy,* 327 N.C. 31, 394 S.E.2d 426 (1990); *State v. Brown,* 327 N.C. 1, 394 S.E.2d 434 (1990). We have not thought it our function, in resolving the harmlessness issue, to surmise how one or more jurors might weigh the aggravating and mitigating evidence, which is capsulized in the form of individually submitted "circumstances." This function, we continue to believe, is solely for the trial jurors who hear the evidence and are properly instructed on the law.

We now turn to the evidence supporting those mitigating circumstances submitted but not found. There was evidence supporting the submitted but not found statutory mitigating circumstance that defendant had "no significant history of prior criminal activity." N.C.G.S. § 15A-2000. In our initial consideration of this case, *Lloyd I*, we held, after exhaustive analysis, that the trial court did not err in submitting over defendant's objection that mitigating circumstance to the jury. We concluded that the evidence of defendant's prior criminal activity was such that a jury could reasonably find this circumstance to exist.

Because the evidence here was such that one or more reasonable jurors could find that defendant had no significant history of prior criminal activity, a statutory mitigating circumstance, we conclude, in keeping with our precedents, that the State has not shown beyond a reasonable doubt that the *McKoy* error was harmless. We therefore vacate the sentence of death and remand to Superior Court, Cherokee County, for a new capital sentencing proceeding.

Death sentence vacated; remanded for new capital sentencing proceeding.