STATE OF NORTH CAROLINA v. RICKY LEE PRICE

No. 585A87

(Filed 25 June 1992)

1. **Criminal Law § 1352 (NCI4th)— McKoy error—jury polled— error not prejudicial**

*McKoy* error in capital sentencing instructions was not prejudicial where the jury was polled as a whole to confirm each answer on the verdict sheet and then polled individually as to each answer on the verdict sheet, including those concerning mitigating circumstances. Although defendant contended that jurors could have understood "Is this your answer?" to refer to the jury as a whole, reasonable jurors would understand that they were being polled individually and that the question therefore was referring to them as individual jurors. Moreover, although the trial court clerk did not poll the jury foreman about the jury's group responses, as in *State v. Laws*, 328 N.C. 550, the results of the polls considered together

establish with sufficient certainty that each mitigating circumstance rejected by the jury was rejected unanimously and that no individual juror would have found any of these mitigating circumstances to exist had each individual juror been permitted to do so.

**Am Jur 2d, Criminal Law §§ 786, 787, 1012-1019.**

**Unanimity as to punishment in criminal case where jury can recommend lesser penalty. 1 ALR3d 1461.**

2. **Criminal Law § 964 (NCI4th)— murder—motion for appropriate relief on appeal—subject to dismissal—reviewed in interests of judicial economy and thorough review**

Arguments raised by a murder defendant in a motion for appropriate relief directed to the North Carolina Supreme Court following remand from the U.S. Supreme Court were subject to dismissal because both arguments could have been raised in the original appeal. Motions for appropriate relief may not be used to add new arguments which could have been raised in the briefs originally filed. However, the Court elected to review defendant's contentions in the interests of judicial economy and thorough scrutiny of a capital case.

**Am Jur 2d, Appeal and Error § 723.**

3. **Criminal Law § 1353 (NCI4th)— murder—mitigating circumstance—impaired capacity—one prong omitted—harmless error**

Although the trial court erred in a murder prosecution by not submitting the mitigating circumstance of impaired capacity to appreciate the criminality of the conduct, the record demonstrates beyond a reasonable doubt that none of the jurors would have found that circumstance to exist had the trial court submitted it to the jury. Although defense counsel made an affirmative, tactical request that the circumstance not be submitted and stated their reasons on the record, the trial court is mandated by the language of N.C.G.S. § 15A-2000(b) to submit a statutory mitigating circumstance to the jury when evidence is presented which may support the circumstance. The evidence was sufficient to support submission of the mitigating circumstance, but it would have rested on the same evidence as all of the other mitigating circumstances dealing with defendant's mental disease and substance abuse. It is

inconceivable that, having rejected the evidence as to all the other mitigating circumstances dealing with defendant's alleged mental or emotional disturbance, the jury would have accepted the evidence and found that prong of the impaired capacity mitigating circumstance not submitted.

**Am Jur 2d, Homicide §§ 513, 516.**

**4. Criminal Law § 1363 (NCI4th)— murder—mitigating circumstance—life sentence in Virginia—not submitted—no error**

The trial court did not err in a murder prosecution by refusing to submit to the jury as a nonstatutory mitigating circumstance that defendant had received a life sentence in Virginia for another killing about which the prosecution had introduced evidence. Although the sentence comprises part of defendant's formal criminal record and was offered against defendant by the State in the sentencing hearing, "the additional protection to society" possibly achieved by his incarceration under that sentence is not an aspect of defendant's record and was irrelevant.

**Am Jur 2d, Homicide § 514.**

Justice LAKE did not participate in the consideration or decision of this case.

ON remand from the Supreme Court of the United States. Heard in the Supreme Court 10 April 1991. Additionally, on defendant's motion for appropriate relief filed in the Supreme Court on 30 April 1991, pursuant to N.C.G.S. § 15A-1418.

*Lacy H. Thornburg, Attorney General, by Barry S. McNeill, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Gordon Widenhouse, Assistant Appellate Defender, for defendant-appellant.*

EXUM, Chief Justice.

Defendant, after being convicted of the first-degree murder of Brenda Smith, was sentenced to death. On defendant's appeal this Court found no prejudicial error in either the guilt determination proceeding or the capital sentencing proceeding. *State v. Price*, 326 N.C. 56, 388 S.E.2d 84 (1990) (*Price I*).

On 1 October 1990 the Supreme Court of the United States vacated our judgment and remanded the case to us for further consideration in light of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). *Price v. North Carolina*, --- U.S. ---, 112 L. Ed. 2d 7 (1990).

We again heard the case on supplemental briefs ordered by the Court and directed to the questions whether under *McKoy* there was error in the sentencing proceeding and, if so, whether the error was harmless. We conclude that although there was *McKoy* error, the error was harmless beyond a reasonable doubt.

We also deny defendant's motion for appropriate relief assigning error to the trial court's failure to submit two mitigating circumstances to the jury. Although the trial court erred in not submitting one statutory mitigating factor, we conclude that error was harmless beyond a reasonable doubt.

The evidence is adequately summarized in *Price I* and will not be repeated here, except as necessary for our consideration of the issues raised in this appeal.

I.

[1] In *McKoy* the United States Supreme Court held that capital sentencing jury instructions requiring the jury to find the existence of a mitigating circumstance unanimously before any juror could consider that circumstance in determining a defendant's sentence violated the Eighth and Fourteenth Amendments to the Federal Constitution. It is undisputed that the jury here received the unanimity instruction found unconstitutional in *McKoy*. The trial court instructed the jury to answer each mitigating circumstance "no" if it did not unanimously find the circumstance to exist by a preponderance of the evidence. The only issue remaining is whether this is the "rare case in which a *McKoy* error could be deemed harmless." *State v. McKoy*, 327 N.C. 31, 44, 394 S.E.2d 426, 433 (1990). Because this error is one of constitutional dimension, the State has the burden of showing the error was harmless beyond a reasonable doubt. *Id.; see also* N.C.G.S. § 15A-1443(b) (1988). For reasons explained below, we conclude that the State has met its burden.

The State's evidence tended to show that defendant strangled Brenda Smith to death and left her body in a wooded area in the Hurdle Mills community of rural Person County. A pathologist

testified that the victim died of ligature strangulation with "something broad." She and defendant had been dating. Less than three days before Brenda Smith's body was found, defendant strangled Joan Brady to death in Danville, Virginia. Defendant had also been romantically involved with her. An inmate with whom defendant had been incarcerated pending trial testified that defendant admitted killing both women, saying he had been dating too many women and felt he had to eliminate somebody. Before the trial from which he now appeals, defendant was convicted by a Virginia court of murder in Joan Brady's death and received a life sentence.

Evidence for the State further tended to show that the day after Brenda Smith's body was found, defendant set fire to the house of another female acquaintance with knowledge that she was in the house at the time. Later that day, defendant bound and gagged his uncle, attempted to set the uncle afire with lighter fluid, held the uncle and another man at knifepoint in a basement, and held police at bay for several hours before surrendering.

In the sentencing proceeding, the jury found two aggravating circumstances in Brenda Smith's murder: Defendant previously had been convicted of a felony involving violence to another person, and defendant murdered Brenda Smith in a course of conduct involving the threat of violence to another person. Defendant disputed the submission of the course of conduct circumstance, and this court upheld that submission in *Price I*, 326 N.C. at 83, 388 S.E.2d at 99.

The trial court submitted ten mitigating circumstances:

(1) the murder was committed while defendant was under the influence of mental or emotional disturbance;

(2) the capacity of defendant to conform his conduct to the requirements of the law was impaired by low intelligence;

(3) the capacity of defendant to conform his conduct to the requirements of the law was impaired by manic-depressive illness;

(4) the capacity of defendant to conform his conduct to the requirements of the law was impaired by schizophrenic illness;

(5) the capacity of defendant to conform his conduct to the requirements of the law was impaired by emotional instability;

(6) the capacity of defendant to conform his conduct to the requirements of the law was impaired by drug abuse;

(7) the capacity of defendant to conform his conduct to the requirements of the law was impaired by drug-induced mental illness;

(8) the capacity of defendant to conform his conduct to the requirements of the law was impaired by mixed personality disorder;

(9) the defendant's family has a history of mental illness or emotional disturbance;

(10) Any other circumstance or circumstances arising from the evidence which the jury deemed to have mitigating value.

The jury unanimously found only one of the ten circumstances, number (9), the history of mental illness or emotional disturbance in defendant's family. After finding that circumstance insufficient to outweigh the aggravating circumstances, and finding the aggravating circumstances sufficiently substantial to warrant the death penalty when considered with the mitigating circumstance found, the jury unanimously recommended that defendant be sentenced to death.

Upon return of its sentencing verdict in open court, the jury was polled about each answer on the verdict form, including the mitigating circumstances not found. First, the jury was polled as a whole to confirm each answer on the verdict sheet. Then, each juror was polled individually under the following procedure:

**The Court:** Now, under the statute, Madam Clerk, you will poll the jury individually. You will poll them as to their recommendation.

**Defense Counsel:** We would ask that the entire series of questions be asked, Your Honor.

**The Court:** I will allow that upon your request. Ladies and gentlemen of the jury, at this time, beginning first with the foreman of the jury, and then each other member of the jury, you will be polled concerning the verdict. And Madam Clerk, you will, upon request which has been allowed, do it in the same manner individually that you did collectively.

STATE v. PRICE

[331 N.C. 620 (1992)]

The Clerk polled each juror as to each answer on the verdict sheet, including those answers concerning mitigating circumstances. Each juror was polled individually as to each mitigating circumstance as follows:

> **The Clerk:** "Issue Two: Do you unanimously find from the evidence the existence of one or more of the following mitigating circumstances? Answer, Yes." Is this your Answer?
>
> **Mr. Kimbrough** [jury foreman]: Yes, ma'am.
>
> **The Clerk:** Do you still assent thereto?
>
> **Mr. Kimbrough:** Yes, ma'am.
>
> **The Clerk:** As to the mitigating factors, "Number 1: This murder was committed while the defendant was under the influence of mental illness or emotional disturbance. Answer: No." Is this your answer?
>
> **Mr. Kimbrough:** Yes, ma'am.
>
> **The Clerk:** Do you still assent thereto?
>
> **Mr. Kimbrough:** Yes, ma'am.

The clerk proceeded to ask Mr. Kimbrough, the jury foreman, the same questions about each mitigating circumstance. Then the clerk asked Mr. Kimbrough about the remaining sentencing issues:

> **The Clerk:** "Issue Three: Do you unanimously find beyond a reasonable doubt that the mitigating circumstance or circumstances found by you is, or are, insufficient to outweigh the aggravating circumstance or circumstances found by you? Answer: Yes." Is this your answer?
>
> **Mr. Kimbrough:** Yes, ma'am.
>
> **The Clerk:** Do you still assent thereto?
>
> **Mr. Kimbrough:** Yes, ma'am.
>
> **The Clerk:** "Issue Four: Do you unanimously find beyond a reasonable doubt that the aggravating circumstance or circumstances found by you is, or are, sufficiently substantial to call for the imposition of the death penalty when considered with the mitigating circumstance or circumstances found by you? Answer: Yes." Is that your answer?

STATE v. PRICE

[331 N.C. 620 (1992)]

**Mr. Kimbrough:** Yes, ma'am.

**The Clerk:** Do you still assent thereto?

**Mr. Kimbrough:** Yes, ma'am.

**The Clerk:** Recommendation: "We the jury unanimously recommend that the defendant, Ricky Lee Price, be sentenced to death." Is that your recommendation?

**Mr. Kimbrough:** Yes, ma'am.

**The Clerk:** Do you still assent thereto?

**Mr. Kimbrough:** Yes, ma'am.

After questioning Mr. Kimbrough, the clerk asked each of the remaining eleven jurors the same questions. When the poll was completed, each juror had answered questions regarding each issue on the verdict sheet. Each individual answer was the same as the jury's answer on the verdict sheet. In other words, no individual juror had reached a decision different from that of the jury as a whole.

In *State v. Laws*, 328 N.C. 550, 402 S.E.2d 573 (1991), we found *McKoy* error harmless where the trial court clerk's poll of the jury foreman and individual jury members demonstrated that the jury was unanimous in rejecting a mitigating circumstance not found to exist. We concluded that where "the record clearly establishes that no juror individually found defendant's evidence sufficiently substantial to support a finding of the . . . mitigating circumstance, we can conclude with confidence that the unconstitutional unanimity requirement did not preclude any juror from considering mitigating evidence." *Id.* at 555, 402 S.E.2d at 577. The facts now before us are very similar to those in *Laws*, and for the reasons explained below we likewise conclude that the *McKoy* error here was harmless.

The polling in this case established that for each of the nine mitigating circumstances not found by the jury, each individual juror had answered "No," thus rejecting that circumstance. Defendant contends that the clerk's question, "Is this your answer?" following the recitation of each mitigating circumstance was ambiguous, because a juror might have understood the word "your" to refer to the jury as a whole. In the context of polling jurors individually, defendant's interpretation is not reasonable. A reasonable juror would understand that if she were being questioned individually,

the question was referring to her as an individual juror. The very purpose of the poll is to ascertain each juror's individual vote on the issue or issues in question. We are confident the jurors here did not understand it to be otherwise.

The *McKoy* error in *Laws* was cured by two polling procedures: A poll of the jury foreman about the jury's rejection as a whole of a mitigating circumstance and an individual poll of each juror about his or her rejection of the mitigating circumstance. In the instant case the trial court clerk polled jurors individually but did not poll the jury foreman about the jury's group responses. This is not a dispositive difference. Considered together, the results of the polls of each juror establish with sufficient certainty that each mitigating circumstance rejected by the jury was rejected unanimously and that no individual juror would have found any of these mitigating circumstances to exist had each individual juror been permitted to do so.

We recognized in *State v. Lloyd*, 329 N.C. 662, 407 S.E.2d 218 (1991), that *McKoy* error is not cured by every jury poll. The trial court clerk in *Lloyd* polled no jurors individually as to mitigating circumstances, but merely polled the jury foreman and the jury as a whole. The polling questions did not ask whether the jury's rejection of mitigating circumstances was unanimous. The record in that case was insufficient to demonstrate that the jury's rejection of each mitigating circumstance was unanimous. *Lloyd*, therefore, does not control here.

Although there is evidence which supports several of the mitigating circumstances not found by the jury, the *McKoy* error here is harmless beyond a reasonable doubt because the jury poll demonstrates unequivocally that "the instruction did not prevent any juror's consideration of defendant's mitigating evidence." *Laws*, 328 N.C. at 556, 402 S.E.2d at 577. Rather, the jury was unanimous in rejecting all the mitigating circumstances that it failed to find. A jury verdict unanimously rejecting mitigating circumstances cannot be disturbed simply because the evidence would have permitted a reasonable juror to find otherwise. Unless the evidence entitles defendant to a peremptory instruction, *State v. Kirkley*, 308 N.C. 196, 302 S.E.2d 144 (1983), it is the jury's province to accept or reject such evidence.

Defendant's challenge to the death sentence on this basis must, therefore, fail.

## II.

[2]  Following the remand of this case by the United States Supreme Court, defendant filed a motion for appropriate relief asserting two assignments of error in regard to his sentencing hearing not included in his initial appeal. He assigns error to the trial court's failure to submit both prongs of the impaired capacity mitigating circumstance, N.C.G.S. § 15A-2000(f)(6), for the jury's consideration and to the trial court's refusal to submit as a nonstatutory mitigating circumstance defendant's ongoing sentence of life imprisonment for another murder. Defendant contends these new arguments are reviewable under N.C.G.S. § 15A-1415(b)(3), which provides for appropriate relief when defendant's conviction "was obtained in violation of the Constitution of the United States or the Constitution of North Carolina"; § 15A-1415(b)(7), which provides for appropriate relief when "[t]here has been a significant change in law, either substantive or procedural, applied in the proceedings leading to the defendant's conviction or sentence, and retroactive application of the changed legal standard is required"; and under § 15A-1415(b)(8), which provides for appropriate relief when the sentence imposed "was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law." Defendant further contends the motion is properly before this Court as provided in N.C.G.S. § 15A-1418(b):

> When a motion for appropriate relief is made in the appellate division, the appellate court must decide whether the motion may be determined on the basis of the materials before it, or whether it is necessary to remand the case to the trial division for taking evidence or conducting other proceedings. If the appellate court does not remand the case for proceedings on the motion, it may determine the motion in conjunction with the appeal and enter its ruling on the motion with its determination of the case.

Defendant argues that none of the grounds provided in N.C.G.S. § 15A-1419(a) for denying a motion for appropriate relief applies to this case, because defendant is still pursuing his initial appeal and has not exhausted a "previous" appeal in which he might have raised the issues presented here. The remand of this case by the United States Supreme Court has prolonged the pendency of defendant's direct appeal from his death sentence. Defendant notes that § 15A-1419(b) provides that in the interest of justice and for

good cause shown the appellate court may in its discretion grant a motion for appropriate relief.

Defendant's arguments based on N.C.G.S. §§ 15A-1415, 15A-1418, and 15A-1419 are unpersuasive. Motions for appropriate relief generally allow defendants to raise arguments that could not have been raised in an original appeal, such as claims based on newly discovered evidence and claims based on rights arising by reason of later constitutional decisions announcing new principles or changes in the law. See N.C.G.S. § 15A-1418 official commentary (1988). We agree with the State that statutes governing motions for appropriate relief were not intended to circumvent the orderly briefing of arguments on appeal. Motions for appropriate relief may not be used to add to an appeal new arguments which could have been raised in the briefs originally filed. Both of the arguments now raised by defendant in the motion for appropriate relief could have been raised in his original appeal. Therefore, defendant's motion for appropriate relief is subject to being dismissed.

We have nevertheless elected to review defendant's contentions raised in his motion for appropriate relief in the interests of both judicial economy and thorough scrutiny of this capital case. "[I]t is the uniform practice of this Court in every case in which a death sentence has been pronounced to examine and review the record with minute care to the end it may affirmatively appear that all proper safeguards have been vouchsafed the unfortunate accused before his life is taken by the State." State v. Fowler, 270 N.C. 468, 469, 155 S.E.2d 83, 84 (1967); accord State v. Chance, 279 N.C. 643, 657, 185 S.E.2d 227, 236 (1971) ("in capital cases we review the record and ex mero motu take notice of prejudicial error"); see also N.C. R. App. P. 2. We conclude that neither error assigned in his motion for appropriate relief entitles defendant to a new sentencing hearing.

[3] Defendant first contends the trial court committed reversible error by failing to instruct jurors on one of two prongs of a statutory mitigating circumstance regarding defendant's impaired mental capacity. N.C.G.S. § 15A-2000(f)(6) requires that the trial court submit to the jury the following mitigating circumstance if supported by the evidence: "The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired." This statutory mitigating circumstance embraces two types of disability, one diminishing a

person's ability to appreciate the criminal nature of his conduct, and the other diminishing a person's ability to control himself. *State v. Johnson*, 298 N.C. 47, 68, 257 S.E.2d 597, 613 (1979). During a charge conference at defendant's sentencing proceeding, defense counsel requested the trial court to instruct jurors only on the second prong of section 15A-2000(f)(6), concerning defendant's diminished capacity to conform his conduct to the law. According to the trial transcript, defense counsel explained the request:

> [W]e would submit to the Court that there is very little evidence that the capacity of the defendant to appreciate the criminality of his conduct was impaired. We would submit with respect to that that it is confusing to the jury to consider whether or not there might be some impairment of his ability to appreciate the criminality of his conduct, whereas, we would contend there was ample evidence there was an impairment of his ability to conform his conduct to requirements of law.

Obliging that request, the trial court did not submit to jurors the mitigating circumstance of defendant's diminished capacity to appreciate the criminality of his conduct. Also at defendant's request, the trial court submitted seven separate mitigating circumstances concerning various mental conditions impairing defendant's ability to control his conduct.[1]

The law concerning the submission of mitigating circumstances has developed significantly since defendant's initial appeal was heard and no error was found by this Court. In *State v. Bacon*, 326 N.C. 404, 417-20, 390 S.E.2d 327, 334-36 (1990), we held that when a statutory mitigating circumstance encompasses two distinct aspects, both must be submitted to the jury if they are supported by the evidence. In *State v. Lloyd*, 321 N.C. 301, 311-13, 364 S.E.2d 316, 323-24 (1988), *vacated and remanded on other grounds*, 494 U.S. 1021, 108 L. Ed. 2d 601 (1990), *on remand*, 329 N.C. 662, 407 S.E.2d 218 (1991), we held that a statutory mitigating circumstance supported by the evidence must be submitted even when a defendant requests that it not be submitted. The State contends this case differs from *Lloyd*, in which the trial court submitted a mitigating circumstance over defendant's objection, because here defense

---

1. These circumstances, reprinted in full *supra*, concerned evidence of defendant's low intelligence, manic-depressive illness, schizophrenic illness, emotional instability, drug abuse, drug-induced mental illness, and mixed personality disorder.

counsel made an affirmative, tactical request that the circumstance not be submitted and stated their reasons on the record. This procedural difference does not avoid the rule that "[w]hen evidence is presented in a capital case which may support a statutory mitigating circumstance, the trial court is mandated by the language in 15A-2000(b) to submit that circumstance to the jury for its consideration." *Lloyd*, 321 N.C. at 311-12, 364 S.E.2d at 323.

The State next contends the trial court committed no error in failing to give the instruction defendant now seeks because the evidence in this case did not support a finding that defendant lacked the capacity to appreciate the criminality of his conduct. We disagree. During defendant's sentencing proceeding, Dr. Brad Fisher, a psychologist allowed to testify as an expert by the trial court, testified that in his opinion defendant's manic-depression, exacerbated by drugs defendant said he was taking around the time of the murder, "would indeed have put severe limitations on his ability to make judgments, have appropriate mood responses, conform to the law and basically be properly in touch with reality." The test for sufficiency of evidence to support submission of a statutory mitigating circumstance is whether a jury could reasonably find that the circumstance exists based on the evidence. *Lloyd*, 321 N.C. at 312, 364 S.E.2d at 323. Dr. Fisher's testimony that defendant suffered from a mental illness that impaired his ability to make judgments, have appropriate mood responses, and be in touch with reality, considered with other evidence of defendant's past psychiatric problems resulting in hospitalization, would, in our view, allow a reasonable inference that defendant's capacity to appreciate the criminality of his conduct was impaired. *Cf. State v. Payne*, 328 N.C. 377, 408, 402 S.E.2d 582, 600 (1991) (evidence of defendant's substance abuse, including drinking alcohol the night before the murder and smelling like beer shortly after the murder, held sufficient to support submission of mitigating circumstance that intoxication impaired defendant's ability to appreciate the criminality of his conduct). Although evidence that defendant fled from the murder scene and hid supports a contrary conclusion, it does not negate the sufficiency of the evidence supporting the mitigating circumstance. *Cf. State v. Wilson*, 322 N.C. 117, 142-43, 367 S.E.2d 589, 603-04 (1988) (defendant's prior conviction for second-degree kidnapping and evidence that defendant had stored illegal drugs and participated in farm theft did not negate sufficiency of evidence to support submission of mitigating circumstance that

defendant had no significant history of prior criminal activity). Because the evidence was sufficient to support submission of the mitigating circumstance to the jury, the trial court committed error in not submitting it, irrespective of defense counsel's request.

Having concluded the trial court erred in not submitting this mitigating circumstance, we now must decide whether the error prejudiced defendant so as to require a new sentencing hearing. Because this error implicates defendant's constitutional rights, *Wilson*, 322 N.C. at 145, 367 S.E.2d at 605, it is presumed prejudicial unless the State demonstrates that it was harmless beyond a reasonable doubt. N.C.G.S. § 15A-1443(b) (1988).

The State has borne this burden. The mitigating circumstance of defendant's impaired capacity to appreciate the criminality of his act, had it been submitted, would have rested on the same evidence as all of the other mitigating circumstances dealing with defendant's mental disease and substance abuse. This evidence was that defendant suffered from various mental illnesses exacerbated by substance abuse. The most general of these mitigating circumstances was that the murder was committed while defendant was under the influence of a mental or emotional disturbance, N.C.G.S. § 15A-2000(f)(2). The jury unanimously rejected this most general and all the other more specific mitigating circumstances resting on the same evidence dealing with defendant's mental illnesses and substance abuse. It is clear, therefore, that the jury simply did not find this evidence credible. Having rejected it as to all the other mitigating circumstances resting upon it, particularly the most general of those circumstances dealing with defendant's alleged mental or emotional disturbance, it is inconceivable the jury would have accepted the evidence and found, on the basis of it, that prong of the impaired capacity mitigating circumstance not submitted. That the evidence, as defendant's trial counsel conceded, more strongly supported the mitigating circumstances submitted than it did the one not submitted reinforces this conclusion. The record here thus demonstrates beyond a reasonable doubt that had the trial court submitted to the jury the mitigating circumstance of defendant's impaired capacity to appreciate the criminality of his conduct, none of the jurors would have found that circumstance to exist. Therefore, the error in failing to submit this circumstance does not require a new sentencing hearing.

[4] Defendant also assigns error to the trial court's refusal to submit to the jury as a nonstatutory mitigating circumstance that defendant had received a life sentence in Virginia for another killing about which the prosecution had introduced evidence. Defendant contends the imposition of a substantial penalty in the other crime could have served as a basis for a sentence less than death in this case. According to the trial record, during the charge conference for the sentencing proceeding, defense counsel asked the trial court to submit the following mitigating circumstance: "The fact that defendant has received a life sentence and the fact that this judge may impose [an] additional life sentence to commence at the expiration of the previous life sentence provides additional protection to society." The prosecution objected to the proposed circumstance, and the trial court sustained the objection.

Defendant relies on *Skipper v. South Carolina*, 476 U.S. 1, 90 L. Ed. 2d 1 (1986), in which the United States Supreme Court held that a defendant's peaceful adjustment to prison life was an aspect of his character and relevant as a mitigating circumstance in a capital sentencing proceeding. The *Skipper* Court explained that "a defendant's disposition to make a well-behaved and peaceful adjustment to life in prison is itself an aspect of his character that is by its nature relevant to the sentencing determination." *Id.* at 7, 90 L. Ed. 2d at 8. The Court based that holding on the rule established in *Lockett v. Ohio*, 438 U.S. 586, 57 L. Ed. 2d 973 (1978), and reiterated in *Eddings v. Oklahoma*, 455 U.S. 104, 71 L. Ed. 2d 1 (1982), requiring that in capital cases " ' "the sentencer . . . not be precluded from considering, *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." ' " *Skipper*, 476 U.S. at 4, 90 L. Ed. 2d at 6 (quoting *Eddings*, 455 U.S. at 110, 71 L. Ed. 2d at 8 (quoting *Lockett*, 438 U.S. at 604, 57 L. Ed. 2d at 990 (plurality opinion of Burger, C.J.))) (emphasis in original).

That defendant is currently serving a life sentence for another unrelated crime is not a circumstance which tends to justify a sentence less than death for the capital crime for which defendant is being sentenced. Although the sentence comprises part of his formal criminal record and was offered against defendant by the State in the sentencing hearing, "the additional protection to society" possibly achieved by his incarceration under that sentence is not an aspect of defendant's record. Because this evidence was

STATE v. PRICE

[331 N.C. 620 (1992)]

irrelevant, we uphold the trial court's refusal to submit it as a mitigating circumstance. *See Lockett*, 438 U.S. at 604 n.12, 57 L. Ed. 2d at 990 n.12 ("Nothing in this opinion limits the traditional authority of a court to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense."); *see also State v. Robbins*, 319 N.C. 465, 519-23, 356 S.E.2d 279, 311-13 (1987) (evidence about possibility of parole is irrelevant to sentencing and the federal Constitution does not require consideration of such evidence).

In his initial appeal, defendant contended the trial court erred in barring defense counsel from arguing to the jury that if it returned a verdict of life imprisonment, the trial court could require the sentence to commence at the termination of the life sentence he was presently serving in Virginia. We held this was not error, noting that "[a]rgument concerning the effect of consecutive life sentences upon the period of a defendant's incarceration is, in another guise, argument about the legal effect of parole upon defendant's sentence" and equally irrelevant to capital sentencing. *Price I*, 326 N.C. at 84, 388 S.E.2d at 100. Our holding today with regard to the very similar issue of defendant's proffered mitigating circumstance is the same.

In conclusion, we hold that because the record establishes that the jury unanimously rejected all mitigating circumstances not found on the verdict sheet, the *McKoy* error in this case was harmless. We further conclude that neither of the assignments of error raised in defendant's motion for appropriate relief merits relief. Accordingly, the sentence of death is affirmed and the mandate of our prior opinion is reinstated. The case is remanded to the Superior Court, Person County, for further proceedings.

Death sentence affirmed; mandate reinstated; case remanded.

Justice LAKE did not participate in the consideration or decision of this case.