Sup. Ct. N. C. Motion of petitioner for leave to proceed informa pauperis granted. Certiorari granted, judgment vacated, and case remanded for further consideration in light of McKoy v. North Carolina, ante, p. 433.
Justice Kennedy,
with whom The Chief Justice, Justice O’Connor, and Justice Scalia join¡ dissenting.
The Court adopts what may be perceived as a prudent coui'se by granting certiorari in this case, vacating the decision of the *1051 North Carolina Supreme Court, and remanding for consideration in light of our decision in McKoy v. North Carolina, ante, p. 433. It is true that petitioner was sentenced prior to our decision in McKoy, and that the North Carolina Supreme Court rejected his challenge to the sentence on the basis of its decision in State v. McKoy, 323 N. C. 1, 372 S. E. 2d 12 (1988). In the particular circumstances of this case, however, there is no basis upon which we should disturb the judgment.
The record shows that the unanimity instruction held unconstitutional in McKoy was not given in petitioner’s trial. Neither did the verdict form given to the jurors contain any unanimity requirement as to mitigating circumstances. The form, reproduced as Appendix E to the petition for certiorari, required unanimity as to the presence of aggravating factors (issue 1) and as to the result of the weighing stages of the statute (issues 3 and 4), but not as to presence of mitigating factors (issue 2). Given the express unanimity requirement as to issues 1, 3, and 4, but the omission of any such requirement as to issue 2 on the verdict form, no reasonable juror would have interpreted the form or the instructions to require unanimity as to mitigating factors.
On remand, the North Carolina Supreme Court remains free to consider these facts, or any others that may affect the determination whether our opinion in McKoy requires alteration of its judgment. Similarly, in cases where there is a question of procedural default, e. g., Artis v. North Carolina, ante, p. 1023, or where a unanimity requirement may have been harmless due to failure to present mitigating evidence, e. g., Hunt v. North Carolina, ante, p. 1022; Laws v. North Carolina, ante, p. 1022, these issues remain open for examination on remand. Because it is in my view clear, however, that no unanimity requirement was involved in this case, I would deny the petition for certiorari.