No. 93–7348. PRICE *v.* NORTH CAROLINA. Sup. Ct. N. C. Motion of petitioner for leave to proceed *in forma pauperis* granted. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Simmons* v. *South Carolina, ante,* p. 154.

JUSTICE BLACKMUN, concurring.

Although I concur in the Court's remand of this case for further consideration in light of the recent decision in *Simmons* v. *South Carolina, ante,* p. 154, I write to note that there remains another serious error in this case, one this Court has not reached before and does not reach today.

It is undisputed that petitioner's sentencing jury was given the very instruction found unconstitutional in *McKoy* v. *North Carolina,* 494 U. S. 433 (1990). This instruction ran afoul of *Mills* v. *Maryland,* 486 U. S. 367 (1988), by requiring that all jurors agree on the existence of a mitigating circumstance before any

juror could give it effect. The North Carolina Supreme Court concluded, however, that this *McKoy* error was harmless beyond a reasonable doubt. 331 N. C. 620, 418 S. E. 2d 169 (1992). The state court's analysis does not support its conclusion.

The State Supreme Court relied on a poll of the sentencing jurors. In that poll, each juror first was asked:

> " 'Do you *unanimously* find from the evidence the existence of one or more of the following mitigating circumstances?' " *Id.*, at 626, 418 S. E. 2d, at 172.

Then, for each of 10 mitigating circumstances submitted to the jury, each juror was asked, for example:

> "Q: As to the mitigating factors. 'Number 1: This murder was committed while the defendant was under the influence of mental illness or emotional disturbance. Answer: No.' Is this your answer?
> "A: Yes.
> "Q: Do you still assent thereto?
> "A: Yes." *Ibid.*

The State's Supreme Court ruled that, in this context, the question, " 'Is this your answer?' " could reasonably be understood only as asking each juror "Is this your own individual answer?" *Id.*, at 627, 418 S. E. 2d, at 173. Our concern, however, is "not what the State Supreme Court declares the meaning of the [poll question] to be, but rather what a reasonable juror could have understood the [poll question] as meaning." *Francis* v. *Franklin*, 471 U. S. 307, 315–316 (1985). It is equally plausible that a reasonable juror could have interpreted "Is this your answer?" to mean "Is this your, *the jury's*, answer?" Since the jurors had been instructed that they could answer "yes" only if they unanimously agreed, a juror's answer to the poll question easily could have meant, "Yes, that was our answer, because we could not achieve unanimity on the existence of that factor." Or even if the juror was answering for himself, he could be saying "Yes, that was my answer, but only because I could not get the others unanimously to agree that this mitigating circumstance existed." Jurors are presumed to follow their instructions. See, *e. g., Yates* v. *Evatt*, 500 U. S. 391, 403 (1991); *Richardson* v. *Marsh*, 481 U. S. 200, 211 (1987).

Given the ambiguity of the poll, I "cannot say with any degree of confidence which interpretation [Price's] jury adopted," *Mills*, 486 U. S., at 383, and consequently, I cannot conclude that the *McKoy* error was harmless. A finding of harmlessness is warranted only if it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman* v. *California*, 386 U. S. 18, 24 (1967). Because the unanimity instruction preceded and shaped the jury's consideration of mitigating evidence, it may have contributed to the verdict by directing the jury to "examin[e] the evidence with the wrong question in mind." *Yates* v. *Evatt*, 500 U. S., at 413 (SCALIA, J., concurring). The poll tells us nothing about how the juror would have voted—either on a particular mitigating circumstance or on the ultimate life-or-death question—had he been instructed that he could give effect to all the mitigating evidence, as the Constitution requires. Thus, the state court's analysis does not satisfy the "high standard" of harmlessness for federal constitutional error. See *Sochor* v. *Florida*, 504 U. S. 527, 541 (1992) (O'CONNOR, J., concurring); see also *Clemons* v. *Mississippi*, 494 U. S. 738 (1990) (remanding a case to state court for "detailed explanation" and analysis of its conclusion of harmlessness).

Because the poll does not demonstrate convincingly, much less beyond a reasonable doubt, that no juror interpreted the unconstitutional instruction to block consideration of mitigating evidence on which the jurors were not unanimous, I do not share the state court's "confiden[ce]" that the poll "demonstrates unequivocally" that the instruction did not prevent any juror from giving weight to any mitigating evidence. See 331 N. C., at 628, 418 S. E. 2d, at 173. Concern that the *McKoy* instruction may have precluded consideration of relevant mitigating evidence is only fueled by the North Carolina Supreme Court's acknowledgment "there [wa]s evidence which support[ed] several of the mitigating circumstances not found by the jury." 331 N. C., at 628, 418 S. E. 2d, at 173. Cf. *McNeil* v. *North Carolina*, 494 U. S. 1050 (1990) (KENNEDY, J., dissenting from grant of certiorari) (noting that *McKoy* error may be harmless where the defendant did not present mitigating evidence).

It is true that this is the third time we have remanded this case for further consideration in light of an intervening decision, again providing the state court the opportunity to consider

and to correct constitutional error. See 498 U. S. 802 (1990) (vacated and remanded in light of *McKoy* v. *North Carolina*, 494 U. S. 433 (1990)); 506 U. S. 1043 (1993) (vacated and remanded in light of *Morgan* v. *Illinois*, 504 U. S. 719 (1992)). On this remand, if the North Carolina Supreme Court concludes that there is *Simmons* error that requires resentencing, the new sentencing jurors will not receive the now-abandoned *McKoy* instruction, and the case will be purged of any existing nonharmless *McKoy* error. But if petitioner does not receive a new sentencing hearing, I believe the harmlessness of the *McKoy* error deserves this Court's attention on the next round, notwithstanding petitioner's previous visits to this Court.