Filed: March 23, 2005

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 02-1122
(CA-01-210-2-12)

HOLLIDAY AMUSEMENT COMPANY OF CHARLESTON,
INCORPORATED; WARREN P. HOLLIDAY,

Plaintiffs - Appellants,

versus

STATE OF SOUTH CAROLINA; GRADY L. PATTERSON,
JR., in his official capacity as Treasurer of
the State of South Carolina; JIM HODGES,
Governor of South Carolina; CHARLES M. CONDON,
Attorney General; ROBERT M. STEWART,
individually,

Defendants - Appellees.

O R D E R

The court amends its opinion filed March 8, 2005, as follows:

On page 6, last line of text before footnote 2 -- the word "not" is inserted preceding the word "parties."

On page 8, first full paragraph, line 7 -- the word "to" is inserted following the word "presented," and the language "but also hearing constitutional claims that are inextricably intertwined with questions ruled upon by a state court" is inserted following the comma after the word "court."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HOLLIDAY AMUSEMENT COMPANY OF
CHARLESTON, INCORPORATED; WARREN
P. HOLLIDAY,

*Plaintiffs-Appellants,*

v.

STATE OF SOUTH CAROLINA; GRADY
L. PATTERSON, JR., in his official
capacity as Treasurer of the State of
South Carolina; JIM HODGES,
Governor of South Carolina;
CHARLES M. CONDON, Attorney
General; ROBERT M. STEWART,
individually,

*Defendants-Appellees.*

No. 02-1122

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
C. Weston Houck, District Judge.
(CA-01-210-2-12)

Argued: October 29, 2002

Decided: March 8, 2005

Before WIDENER, WILKINSON, and KING, Circuit Judges.

---

Vacated and remanded with instructions by published opinion. Judge
Widener wrote the opinion, in which Judge Wilkinson and Judge
King concurred.

---

**COUNSEL**

**ARGUED:** Roger J. Marzulla, MARZULLA & MARZULLA, Washington, D.C., for Appellants. Robert Holmes Hood, HOOD LAW FIRM, L.L.C., Charleston, South Carolina, for Appellees. **ON BRIEF:** Nancie G. Marzulla, MARZULLA & MARZULLA, Washington, D.C., for Appellants. Deborah Harrison Sheffield, HOOD LAW FIRM, L.L.C., Charleston, South Carolina; Charles M. Condon, South Carolina Attorney General, Nathan Kaminski, Jr., Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellees.

---

**OPINION**

WIDENER, Circuit Judge:

The plaintiffs are Warren P. Holliday and Holliday Amusement Co., Inc., of which Warren Holliday is the sole owner and operator (Holliday). On January 19, 2001, Holliday filed a complaint in the United States District Court for the District of South Carolina, Charleston Division alleging that South Carolina's enactment and enforcement of 1999 S.C. Act No. 125, now codified as S.C. Code Ann. § 12-21-2710 (2000) (the Act), destroyed Holliday's business, resulting in an unconstitutional taking of his property in violation of the Constitution and 42 U.S.C. § 1983. Holliday sought declaratory and injunctive relief, or, in the alternative, damages arising out the unconstitutional taking. On December 21, 2001, the district court dismissed the action based on its finding that the court lacked subject matter jurisdiction because the major issues of the case had previously been litigated in *Westside Quik Shop, Inc. v. Stewart*, 534 S.E.2d 270 (S.C. 2000), *cert. denied*, 531 U.S. 1029 (2000), thereby divesting the district court of jurisdiction under the *Rooker-Feldman* doctrine.

Because we believe that *Johnson v. De Grandy*, 512 U.S. 997 (1994), decided that the *Rooker-Feldman* doctrine does not apply when the party asserting the claim in federal court was not a party to the state proceedings, and because the subsequent Supreme Court and Fourth Circuit cases citing *Johnson* have continued to uphold this standard, we vacate the district court's decision.

I.

Since 1976, Warren Holliday has owned and operated Holliday Amusement Co., Inc. in South Carolina, in which he sold video gaming machines throughout the State. On July 1, 1999, the State of South Carolina enacted S.C. Act No. 125, which made possession of video gaming machines illegal after July 1, 2000, and subjected the machines to forfeiture and destruction by the State. S.C. Code Ann. § 12-21-2710 (2000). At the time the Act went into effect, Holliday owned 532 operational video gaming machines. Immediately following its enactment, owners and lessees of video gaming machines filed suit in a South Carolina state court challenging the constitutionality of the Act. Holliday was not a party in the *Westside Quik Shop, Inc.* litigation, but was a member of the South Carolina Coin Operators Association which filed an amicus brief in the South Carolina court.[1] See Brief of Amici Curiae S.C. Coin Operators Ass'n, Inc., *Westside Quik Shop, Inc. v. Stewart*, 531 U.S. 1029 (2000) (00-433). The plaintiffs in *Westside Quik Shop, Inc.* sought an injunction against enforcement of the Act, claiming that it effected an unconstitutional taking of their property without just compensation. *Westside Quik Shop, Inc.*, 534 S.E.2d at 271.

The South Carolina Supreme Court found that the Act did not constitute an unconstitutional taking without just compensation, and because that court did not find a Constitutional violation, it summarily disposed of the plaintiff's 42 U.S.C. § 1983 claim. *Westside Quik Shop, Inc.*, 534 S.E.2d at 275. Thus, the court refused to enjoin enforcement of the Act. The Act went into effect as of July 1, 2000, as codified under S.C. Code Ann. § 12-21-2710.

On January 19, 2001, Holliday brought this action in federal district court, claiming that enactment and enforcement of the Act destroyed his business, resulting in millions of dollars of uncompensated loss, which constituted a taking in violation of the U. S. Constitution and 42 U.S.C. § 1983. He sought declaratory and injunctive

---

[1]Holliday claims that he could not have been a party to the *Westside Quik Shop, Inc.* litigation because his claim would not have been ripe for state court review during the pendency of that litigation. Appellant's Brief at 5, *Holliday Amusement Co. v. South Carolina*, 00-1122.

relief, or, alternatively, damages arising out of the alleged uncompensated taking.

After reviewing the record of the *Westside Quik Shop, Inc.* case, the district court granted the motion to dismiss for lack of subject matter jurisdiction because it held the *Rooker-Feldman* doctrine applied. Holliday appealed. We vacate and remand.

On appeal, Holliday raises as the following principal issue that the *Rooker-Feldman* doctrine is inapplicable because Holliday was not a party to the *Westside Quik Shop, Inc.* litigation. He argues that he could not have been because his injury did not arise until after the South Carolina Supreme Court rendered its decision to enforce the Act, and Holliday's lawsuit is ripe for federal court review and federal court ripeness requirements do not implicate the *Rooker-Feldman* doctrine.

Expressing no opinion on the merits, we review de novo the district court's dismissal of Holliday's claims for lack of subject matter jurisdiction. See *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Guess v. Bd. Of Med. Exam'rs of State of N.C.*, 967 F.2d 998, 1002 (4th Cir. 1992).

## II.

The *Rooker-Feldman* doctrine is a jurisdictional rule providing that lower federal courts generally cannot review state court decisions; rather, jurisdiction "lies exclusively with superior state courts, and, ultimately, the United States Supreme Court." See *Allstate Ins. Co. v. W. Va. State Bar*, 233 F.3d 813, 816 (4th Cir. 2000). See also *District of Columbia Ct. App. v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). Under this doctrine, federal district courts are barred from considering issues already presented by a party and decided by a state court and also are barred from hearing Constitutional claims that are "'inextricably intertwined with' questions [so] ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is considered to be "inextricably intertwined" with a state court judgment when "the federal claim succeeds only to the extent that the state

court wrongly decided the issues before it." *Allstate Ins. Co.*, 233 F.3d at 819.

The first argument that Holliday asserts is that *Rooker-Feldman* is inapplicable because Holliday was not a party in the *Westside Quik Shop, Inc.* litigation. The Supreme Court decided this issue in *Johnson v. De Grandy*, 512 U.S. 997 (1994) in favor of Holliday's argument, and neither any Supreme Court nor a fourth circuit decision since *Johnson* has lessened the impact of that holding.

In *Johnson*, separate groups of Hispanic and black voters claimed that Florida's reapportionment plan establishing legislative districts for the state Senate and House unlawfully diluted the voting strength of Hispanics and blacks in violation of § 2 of the federal Voting Rights Act of 1965. In a review required by the State Constitution, initiated by the Florida Attorney General, the Supreme Court of Florida, by declaratory judgment, held the plan valid under federal and state law. *In re: Constitutionality of SENATE JOINT RESOLUTION 2G, SPECIAL APPORTIONMENT SESSION*, 597 So. 2d. 276 (Fla. 1992). The Florida court, however, also acknowledged that time restraints prevented a full review and authorized any "protestor" to bring a Voting Rights Act challenge in that court. The plaintiffs, however, chose to bring their § 2 claim in federal district court. The United States also filed a similar complaint in the district court, alleging a § 2 violation. After consolidating the actions, the district court found in favor of the plaintiffs. *Johnson*, 512 U.S. at 1001-04. On appeal, the Court rejected the State's argument that the claims of the United States should have been dismissed under the *Rooker-Feldman* rule because they had already been litigated before the Supreme Court of Florida. *Johnson*, 512 U.S. at 1005-06. Accordingly, the Court denied the State's argument that the federal government's § 2 challenge should be dismissed under the *Rooker-Feldman* doctrine. The Court explained that "because the United States was not a party in the state court," the *Rooker-Feldman* doctrine did not apply and thus the United States' claim was not barred.

The Supreme Court in *Johnson* could hardly have stated more clearly that the *Rooker-Feldman* doctrine did not apply other than to parties in the state proceedings. And in the 14 subsequent Supreme Court cases which cite the *Johnson* decision, none dilute this require-

ment.[2] In the case at hand, Holliday was not a party to the *Westside Quik Shop, Inc.* state litigation.

This court also has not watered down that aspect of the *Rooker-Feldman* discussion found in *Johnson*. We have cited *Johnson* nine times, and have not disturbed the requirement of participation in the state proceeding.[3] In particular, two cases from this court specifically state that the *Rooker-Feldman* doctrine is inapplicable in instances in which the person asserting the claim in federal court was not a party to the state proceeding. See, e.g., *Barefoot v. City of Wilmington*, 306 F.3d 113 (4th Cir. 2002); *Gross v. Weingarten*, 217 F.3d 208 (4th Cir. 2000).

In *Barefoot v. City of Wilmington*, this court held that the district court had jurisdiction with respect to litigants who were not parties to a

---

[2]See *Veith v. Jubelirer*, 541 U.S. 267 (2004); *Georgia v. Ashcroft*, 539 U.S. 461, 473, n.1 (2003); *Reno v. Bossier Parish Sch. Bd.*, 528 U.S. 320, 368 (2000); *Lopez v. Monterey County*, 525 U.S. 266, 280 (1999); *Lawyer v. DOJ*, 521 U.S. 567, 570 (1997); *Abrams v. Johnson*, 521 U.S. 74, 92 (1997); *Reno v. Bossier Parish Sch. Bd.*, 520 U.S. 471, 480 (1997); *Bush v. Vera*, 517 U.S. 952, 979 (1996); *Shaw v. Hunt*, 517 U.S. 899, 913 (1996); *Morse v. Republican Party*, 517 U.S. 186, 232 (1996); *City of Bridgeport v. Bridgeport Coalition for Fair Representation*, 512 U.S. 1283, 1283 (1994); *Tyus v. Bosley*, 512 U.S. 1249, 1249 (1994); *McWherter v. Rural W. Tenn. African-American Affairs Council*, 512 U.S. 1248, 1248 (1994); *Holder v. Hall*, 512 U.S. 874, 908 (1994). We hasten to add that these citations refer to the merits of *Johnson*, not *Rooker-Feldman*. The fact remains that the Supreme Court has not altered its rule.

[3]See *Hall v. Virginia*, 385 F.3d 421, 426 (4th Cir. 2004); *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004); *United States v. Charleston County*, 365 F.3d 341, 345 (4th Cir. 2004); *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003); *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 338 (4th Cir. 2002); *Gross v. Weingarten*, 217 F.3d 208, 218, n.3 (4th Cir. 2000); *Brown & Root, Inc., v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000); *Lewis v. Alamance County*, 99 F.3d 600, 604 (4th Cir. 1996); *Cane v. Worcester County*, 35 F.3d 921, 925 (4th Cir. 1994). *Hall*, *Charleston County*, *Lewis* and *Cane* do not mention the *Rooker-Feldman* question, the others do.

state court proceeding, but held that the *Rooker-Feldman* doctrine barred suit by those who were parties because they "had a 'reasonable opportunity' to litigate the constitutional issues in state court." *Barefoot*, 306 F.3d at 121 (citations omitted). In *Barefoot*, several plaintiffs brought suit in a North Carolina court against the city of Wilmington, alleging that it had failed to comply with North Carolina's annexation statutes. After the state court decided that the City had complied, some of the same plaintiffs who were parties to the state court proceeding and a number of new plaintiffs brought suit in federal court alleging that the annexation statutes were unconstitutional. *Barefoot*, 306 F.3d at 121. We decided that the plaintiffs who had been parties in the state suit were barred by the *Rooker-Feldman* doctrine because they could have brought their Constitutional claims in the state court proceeding, and thus were barred from presenting this issue to the federal court. *Barefoot*, 306 F.3d at 121. Those plaintiffs who were not parties in the state court proceeding, however, were allowed to bring their suit. "Claims by individuals not party to the state court proceedings, however, are not barred." *Barefoot*, 306 F.3d at 120.

The case of *Gross v. Weingarten* arose out of a state receivership in which the plaintiff challenged in a subsequent case in the federal district court the admission of certain evidence that was contradictory to a holding in the state receivership proceeding. *Gross*, 217 F.3d at 217-18. This court found that because the defendants who were offering the evidence were not parties to the state proceeding, they were not bound by the holding of the receivership proceeding and were not barred by collateral estoppel. In so finding, the court, rejected application of *Rooker-Feldman* to bar admission of the evidence because the defendants were not a party to the state court proceeding. *Gross*, 217 F.3d at 218 n.6. Citing *Johnson*, the court stated that "*Rooker-Feldman* does not apply, however, when the person asserting the claim in the federal suit was not a party to the state proceeding." *Gross*, 217 F.3d at 218 n.6.

Both *Barefoot* and *Gross* demonstrate this court's commitment to the requirement that, absent participation in the state proceeding, a *Rooker-Feldman* objection to jurisdiction is not well taken. Moreover, three other circuits have adopted a rule, declining to apply the

*Rooker-Feldman* doctrine when a federal court suit is brought by a party who was not a party in the preceding state court action.[4]

We realize that the wording in *Feldman*, 460 U.S. at 486, that "These allegations [complained of] are inextricably intertwined with the District of Columbia Court of Appeals' decisions, in judicial proceedings, to deny the respondents' petitions," has been variously construed in many cases, as did the district court in this case: "Federal courts are generally barred from not only considering issues actually presented to and decided by [a] state court, but also hearing constitutional claims that are inextricably intertwined with questions ruled upon by a state court, as when success on the federal claim depends on a determination that the state court wrongly decided the issues before it." Nevertheless, subsequent to the decision in *Johnson*, the decisions in this circuit have uniformly followed the *Johnson* rule, that a party to the proceeding in the state court may not subsequently request a federal court to examine the same question, but a non-party to the state court proceeding is not so bound. If there is a fact situation in which a federal plaintiff who was not a party to the state proceeding is nevertheless inextricably intertwined with the state decision, we express no opinion as to that question, but we observe that no such situation has been presented to us, at least since the decision in *Johnson*, which we follow.

The second issue that Holliday asserts is that the *Westside Quik Shop, Inc.* litigation made Holliday's present suit ripe pursuant to the ripeness doctrine, as established under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). Holliday makes this argument in an effort to avoid the application of the *Rooker-Feldman* doctrine. Because we have otherwise held that the *Rooker-Feldman* doctrine is inapplicable we do not reach this issue.

---

[4]See *Bennett v. Yoshina*, 140 F.3d 1218, 1223-24 (9th Cir. 1998), *cert. denied sub nom. Citizens for a Constitutional Convention v. Yoshina*, 525 U.S. 1103 (1999); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995); *Valenti v. Mitchell*, 962 F.2d 288, 297-98 (3d Cir. 1992); *cf.* Wright & Miller, *Federal Practice & Procedure* § 4469.1 (2002). The Sixth Circuit, in *United States v. Owens*, explained this rational when it stated, "a party cannot be said to be appealing a decision by a state court when it was not a party to the case." *Owens*, 54 F.3d at 274.

The judgment of the district court is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

*VACATED AND REMANDED WITH INSTRUCTIONS*